UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>YOUNGTEK SOLUTIONS, LTD, doing business as TNAFLIX.COM, FRANK, DOES 1, 2, and 3-500,<br><br>　　　　　　　　　　Defendants. | Civil No.   10cv1972-JAH (POR)<br><br>**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY)**<br><br>**[Doc. 21]** |

　　　　On September 21, 2010, Plaintiff filed a complaint against Youngtek Solutions, LTD, d/b/a Tnaflix.com, "Frank," and the Doe Defendants for copyright infringement.  Plaintiff does not know the names of the Doe Defendants, but has identified them by their screen names: GreatBoobies1985, tyvm, and jiginghey.  On December 27, 2010, the Court granted Plaintiff's Ex Parte Motion for Leave to Serve Immediate Discovery on Defendant Youngtek Solutions, LLC, d/b/a Tnaflix.com, to identify the true identities of Doe Defendants.  (Doc. 15.)  Defendant Youngtek Solutions, d/b/a Tnaflix.com has provided Plaintiff with a list of I.P. addresses for the Doe Defendants.  (See Doc. 16, Ex. 1.)

　　　　Doe 1 a/k/a "GreatBoobies1985" has been identified through his or her I.P. addresses, which were provided by Rogers Communications, a Canadian corporation.  Plaintiff can only identify the name of Doe 1 through further investigation.  Rogers Communications will not disclose the subscriber's information absent a court order from an Ontario court.  Accordingly, on February 1,

1  2011, Plaintiff filed an Amended Motion for Issuance of Requests for International Judicial
2  Assistance (Letters Rogatory).  (Doc. 21.)
3         The courts have inherent authority to issue letters rogatory.  See United States v. Staples, 256
4  F.2d 290, 292 (9th Cir. 1958); see also United States v. Reagan, 453 F.2d 165, 172 (6th Cir. 1971)
5  ("28 U.S.C. § 1781 recognizes, impliedly at least, the power of federal courts to transmit letters
6  rogatory to foreign tribunals.").  "A letter rogatory is a formal written request sent by a court to a
7  foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction
8  be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use
9  in a pending action."  Asis Internet Services v. Optin Global, Inc., 2007 WL 1880369, at *3 (N.D.
10 Cal. June 29, 2007) (citing Marroquin-Manriquez v. I.N.S., 699 F.2d 129 (3rd Cir. 1983); Wright,
11 Miller & Marcus, Federal Practice and Procedure (2007), § 2083).  A letter rogatory may also
12 include a request for the production of documents.  See Reagan, 453 F.2d at 168.  "The Canada
13 Evidence Act also specifically provides that a court outside of Canada may serve letters rogatory
14 upon a Canadian court."  Asis Internet Services, 2007 WL 1880369, at *3 (citing R.S.C. 1985, c. C-
15 5, s. 46).
16        Whether to issue such a letter is a matter of discretion for the court.  See Asis Internet
17 Services, 2007 WL 1880369, at *3 (citing Unites States v. Mason, 1990 WL 185894, at *3 (4th Cir.
18 1990)).  The Supreme Court has cautioned courts to "exercise special vigilance to protect foreign
19 litigants" from unwanted discovery when deciding whether to authorize the taking of evidence
20 abroad.  Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist.
21 of Iowa, 482 U.S. 522, 546 (1987).  "Ultimately, a court's decision whether to issue a letter rogatory
22 requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal
23 Rules of Civil Procedure."  Asis Internet Services, 2007 WL 1880369, at *3 (citing Evanston Ins.
24 Co. v. OEA, Inc., 2006 WL 1652315 (E.D. Cal. June 13, 2006) (stating Rule 28(b) "must be read
25 together" with Rule 26(c) in determining whether to issue letters rogatory).
26       In considering the relevant factors, the Court finds good cause to grant Petitioner's request
27 for letters rogatory.  Rogers Communications is the Internet Service Provider for Doe 1 a/k/a
28 "GreatBoobies1985" and as such, is the only entity able to provide the information necessary to

identify the user of that screen name.  Without such discovery, Plaintiff cannot identify Doe 1, and thus cannot pursue its lawsuit to protect its copyrighted works from infringement against this Defendant.  Furthermore, the Court finds there are no other practical measures Plaintiff could take to identify this Defendant and the narrow tailoring of Plaintiff's discovery request does not exceed the minimum information required to advance this lawsuit without prejudicing Defendants.

Accordingly, Plaintiff's Amended Motion for Issuance of Requests for International Judicial Assistance (Letters Rogatory) is GRANTED.  The Court will issue the letter of request attached as Exhibit 2 to the instant motion.

IT IS SO ORDERED.

DATED:  February 11, 2011

*Louisa Porter*

LOUISA S PORTER
United States Magistrate Judge


cc:     The Honorable John A. Houston
        All parties