UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>v.<br><br>YOUNGTEK SOLUTIONS, LTD, doing business as TNAFLIX.COM, FRANK, DOES 1, 2, and 3-500,<br><br>Defendants. | Civil No.   10cv1972-JAH (POR)<br><br>**ORDER GRANTING PLAINTIFF'S SECOND EX PARTE MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**<br><br>**[Doc. 16]** |

On September 21, 2010, Plaintiff filed a complaint against Youngtek Solutions, LTD, d/b/a Tnaflix.com, "Frank," and the Doe Defendants for copyright infringement.  Plaintiff does not know the names of the Doe Defendants, but has identified them by their screen names: GreatBoobies1985, tyvm, and jiginghey.  On December 27, 2010, the Court granted Plaintiff's Ex Parte Motion for Leave to Serve Immediate Discovery on Defendant Youngtek Solutions, LLC, d/b/a Tnaflix.com, to identify the true identities of Doe Defendants. (Doc. 15.)  Defendant Youngtek Solutions, d/b/a Tnaflix.com has provided Plaintiff with a list of I.P. addresses for the Doe Defendants.  (See Doc. 16, Ex. 1.)  Plaintiff can only identify the names of the Doe Defendants through further investigation.

On January 28, 2011, Plaintiff filed a Second Ex Parte Motion for Leave to Take Immediate Discovery.  (Doc. 16.)  Plaintiff requests the Court issue an Order instructing Road Runner, Rogers Communications and Get AS to produce any and all documents and/or information sufficient to

1  identify the users of the I.P addresses produced by Defendant Youngtek Solutions, d/b/a
2  Tnaflix.com.  On February 3, 2011, the parties filed a Joint Motion to Dismiss Complaint without
3  Prejudice as to Defendants Youngtek Solutions, d/b/a Tnaflix.com and "Frank" only.  (Doc. 22.)
4       In accordance with Federal Rule of Civil Procedure 26(d), discovery does not commence
5  until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f),
6  unless by court order or agreement of the parties.  A court order permitting early discovery may be
7  appropriate "where the need for expedited discovery, in consideration of the administration of
8  justice, outweighs the prejudice to the responding party."  Semitool, Inc. v. Tokyo Electron
9  America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002).
10      After reviewing Plaintiff's Motion and the accompanying Memorandum of Points and
11 Authorities, the Court finds good cause to grant Plaintiff's Motion, based on: (1) the allegations of
12 copyright infringement contained in Plaintiff's complaint; (2) the danger that Road Runner, Rogers
13 Communications and Get AS will not long preserve the information that Plaintiff seeks; (3) the
14 narrow tailoring of the discovery request so as not to exceed the minimum information required to
15 advance this lawsuit without prejudicing the Defendants; and (4) the Court's finding that the
16 expedited discovery requested will substantially contribute to moving this case forward.
17 Furthermore, without such discovery, Plaintiff cannot identify the Doe Defendants, and thus cannot
18 pursue its lawsuit to protect its copyrighted works from infringement. Accordingly, IT IS HEREBY
19 ORDERED:
20      1.   Plaintiff may serve immediate discovery on Road Runner, Rogers Communications
21           and Get AS to obtain the identity of each Doe Defendant by serving a request for
22           production pursuant to Federal Rule of Civil Procedure 34 that seeks information
23           sufficient to identify the users of the I. P. addresses listed in Exhibit 1 of Plaintiff's
24           Motion.  (See Doc. 16, Ex. 1.)
25      2.   Any information disclosed to Plaintiff in response to the request for production may
26           be used by Plaintiff solely for the purpose of protecting its rights under the Copyright
27           Act.
28      3.   If Road Runner, Rogers Communications and/or Get AS wish to move to oppose the

request for production, they shall do so before the return date of the request.  If such a motion is brought, the moving party shall nonetheless preserve the information sought in the request for production pending resolution of such motion.

4. Plaintiff shall provide a copy of this Order to Road Runner, Rogers Communications and Get AS when the request for production is served.

DATED: February 11, 2011

*Louisa Porter*

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable John A. Houston
All parties