```
1  Marc J. Randazza, Esq., SBN 269535
   Randazza Legal Group
2  3969 Fourth Avenue, Suite 204
   San Diego, CA 92103
3  888-667-1113
   305-437-7662 fax
4  mjr@randazza.com

5  Attorney for Plaintiff,
   Liberty Media Holdings, LLC
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>DOE 1, DOE 2, DOE 3, DOES 4-500<br><br>Defendants | Case No. 10-CV-1972-JAH-POR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD MOTION FOR ORDER ALLOWING PLAINTIFF LEAVE TO TAKE IMMEDIATE DISCOVERY**<br><br>**Submitted on Emergency Basis** |

Plaintiff Liberty Media Holdings (Liberty) seeks the identity of Doe 2, and seeks a Court order directing specific entities including Korcett, Time Warner d/b/a Road Runner, Internet Service Provider Corp., Verizon Internet Services, Grande Communications, Justintv.com, Yahoo!, and the University of Texas to disclose the Doe 2's personally identifiable information to Plaintiff.  This Motion is submitted on an emergency basis as much of the information being requested is electronically stored, easily erasable, and often times overwritten (without any ill-intent) during the regular course of business by the third party entities Plaintiff is seeking information from.

**INTRODUCTION AND FACTUAL BACKGROUND**

1) Plaintiff Liberty is a California LLC doing business as Corbin Fisher ®.  Liberty produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and

through which individuals who pay a monthly subscription fee can view its photographic and audiovisual works.

2) Doe 2 uses or used the screen name "tyvm" on the TNAFlix.com website. See Complaint ¶ 20 (ECF No. 1).

3) Defendant Doe 2 is and individual whose true name and address is unknown to Plaintiff. Does 2 posted Plaintiff's copyrighted materials on the Tnaflix.com website, however, Plaintiff can only identify this particular infringer by way of further investigation. As such, Plaintiff wishes to take early discovery to further identify Doe 2.

1.     On December 27, 2010, the Court granted Plaintiff's Motion for Leave to Take Immediate Discovery, and directed Defendant Youngtek Solutions d/b/a Tnaflix.com (Tnaflix) to respond to Requests for Production regarding these Doe Defendants. (ECF No. 15). Tnaflix complied, and on January 26, 2011, Plaintiff received an email which included an IP address for Doe 2 (Tnaflix username "tyvm"), 24.227.222.28, a list of dates and times on which this IP address was used to unlawfully upload videos to Tnaflix.com, and included the email address tyler8901@gmail.com for "tyvm". See Exhibit 1.

## Information Necessary from Korcett

2.     This IP address information is sufficient for the Internet Service Provider for this IP address to identify, with certainty, the identity of the Internet subscriber who may be Doe 2.

4) This IP address was issued to a subscriber of Time Warner d/b/a Road Runner. See Exh. 2.

5) Plaintiff then sought a court order instructing Time Warner to produce information necessary to identify the Doe 2, which the court granted . ECF No. 25.

6) On March 4, 2011, Plaintiff issued a subpoena to Time Warner requesting the necessary information to identify Doe 2. Exh. 3.

7) Time Warner was required to respond on or before April 6, 2011, however no response was received. As such Plaintiff sent an email to Time Warner requesting the status of Time Warner's response. See Exh. 4. See also Declaration of Eric Gapp in Support of Third Motion for Early Discovery (Gapp Dec.) ¶ 8.

8) On April 7, 2011, the undersigned received a phone call from Shawn Harris at Time Warner requesting additional information. Mr. Harris' phone number is 703-345-2656. Gapp Dec. ¶ 10. Specifically, Mr. Harris said that Time Warner needed time zone information in order to complete its research and respond to the subpoena. He requested that the information be provided via fax as a verbal communication of the time zone was not sufficient for Time Warner's compliance. Gapp Dec. ¶ 11.

9) Pursuant to Mr. Harris' instructions, the undersigned faxed a letter indicating that the requested times were in GMT format. This fax was sent on April 8, 2011. See Exhibit 5.

10) On April 11, 2011, Mr. Gapp phoned Mr. Harris at Time Warner to ensure that the fax had been received and make sure that Time Warner did not require anything else for compliance. Gapp Dec. ¶ 13. Mr. Harris stated that he had not received the fax and requested that it be faxed again. Gapp Dec. ¶ 14. The letter was faxed again on April 11, 2011. Exhibit 6.

11) Mr. Gapp again phoned Mr. Harris, who confirmed receipt of the fax and stated that the information had been forwarded to the analyst handling the subpoena response, and a response would be sent out within a few days. Gapp Dec. ¶ 16.

12) On April 12, 2011, the undersigned received a letter from Time Warner's attorney, Mr. Maltas, stating that Time Warner was refusing to comply with the subpoena. See Exhibit 7. Mr. Maltas falsely claimed that the second subpoena and court order had never been received by Time Warner despite Plaintiff's multiple conversations with Time Warner personnel confirming not only its receipt, but that the production was being worked on. Gapp Dec. ¶ 16.

13) Mr. Maltas further claimed in his letter that, even if Plaintiff's subpoena had been received, it was invalid because it was served via UPS and fax (despite the fact that it was served this way pursuant to Time Warner's own instructions), and that Time Warner was under no obligation to comply with the undersigned's original request to preserve evidence as such a request was overly burdensome and expensive (despite the fact that this request was made only in relation to a single IP address).

14) Therefore, on April 12, 2011, Plaintiff filed an Emergency Motion requiring preservation of the evidence and compelling production from Time Warner. ECF No. 28.

15) Once Time Warner was served with Plaintiff's emergency motion, realizing that it would not prevail in opposing it, Time Warner agreed to comply with the subpoena.

16) On April 26, 2011, twenty days after its subpoena response was due, Time Warner delivered its subpoena response (See Exh. 8), stating that "The IP address in question is assigned to Korcett, a commercial subscriber. We understand that Korcett hosts multiple clients and, therefore, they can assist you with other information you may require."

17) As Korcett may also function as a cable operator, the information being requested is governed by 47 U.S.C. § 551, which prohibits cable operators from disclosing personally identifiable information pertaining to subscribers without the subscriber's express consent unless there is "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

18) Plaintiff has contacted Korcett requesting that it preserve information (Exh. 9), however, as many service providers (Time Warner being one of them) purge information on a regular basis, this request is now extremely time sensitive. Plaintiff requires an emergency court order instructing Korcett to produce identifying information associated with IP address 24.227.222.28 for the following dates and times (GMT):

    a. 2010-10-13 at 14:59:36
    b. 2010-11-08 at 11:11:54
    c. 2010-11-09 at 04:16:00

**Information Necessary from Time Warner, Verizon Wireless,**

**Internet Service Provider Corp., and Grande Communications**

19) The initial discovery response from Tnaflix also included an email address, tyler8901@gmail.com. See Exh. 1.

20) As such, on January 27, 2011, Plaintiff issued a subpoena to Google requesting information concerning this email address, including alternate email addresses, and IP addresses used to create and login to this email account. Exh. 10.

21) Google responded with this information on March 3, 2011, listing an alternate email address, salouhazz@yahoo.com, along with a number of IP addresses on specific dates and times that were used to log into this Gmail email account. Exh. 11.

22) Plaintiff has determined that these IP addresses belong to Time Warner d/b/a Road Runner, Verizon Wireless, Internet Service Provider Corp., and Grande Communications (Exh. 12), and must now seek the identity of the subscriber from these Internet Service Providers.

23) The information being requested is governed by 47 U.S.C. § 551, which prohibits cable operators from disclosing personally identifiable information pertaining to subscribers without the subscriber's express consent unless there is "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

24) As such, Plaintiff requires a court order authorizing this disclosure from Time Warner d/b/a Road Runner, Verizon Wireless, Internet Service Provider Corp., and Grande Communications.

**Information Required from Yahoo!**

25) As discussed above, the subpoena response from Google also included an alternate email address, salouhazz@yahoo.com.

26) Plaintiff requests that the court issue an order authorizing discovery to Yahoo! in order to learn the identity, contact information, and IP addresses used to create and/or access this account.

**Information Required from Justin.tv and University of Texas**

27) Based upon the information available to the Plaintiff currently, it is believed that Doe 2 is a resident of Austin, Texas based upon the IP addresses gained from Youngtek Solutions and from Google. Additionally, based upon the known email addresses, Doe 2's name may include "Tyler" and "Salouhazz."

28) An Internet search led the Plaintiff to a profile on Justin.tv, www.justin.tv/salouhazz, for "Sean," an individual who attends the University of Texas in Austin. See Exh. 13. As this person incorporates an unusual name and resides in Austin, Texas, it is most likely that this individual is Doe 2.

29) Plaintiff requests that the court issue an order authorizing Plaintiff to issue discovery to Justin.tv, a Delaware corporation registered to do business in California with the California

Secretary of State, for the account information for this profile, including contact information and IP addresses used to create and access the account.

30) Additionally, the Plaintiff requests that the Court instruct the University of Texas at Austin to review its student profile for any individuals matching the picture of Exhibit 13, and whose names may include Sean, Tyler, and/or Salouhazz.

## ARGUMENT

Federal Rules Allow for Early Discovery

31) Federal Rules allow for discovery prior to a Rule 26 conference upon a showing of good cause. See *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

32) More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. Id. at 578-80. Each of these factors resolves in favor of granting Plaintiff's requested relief.

33) First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered works by the individual pseudonymously identified as Doe 2 in the Complaint. Tnaflix has further identified Doe 2 by his IP address and Gmail email address. Google has further identified Doe 2 by additional IP addresses and an additional Yahoo! email address.

34) On information and belief, Doe 2 is an individual residing in Austin, Texas. The requested discovery is necessary for Plaintiff to determine the true name and address of Doe 2.

35) Second, there are no other practical measures Plaintiff could take to identify Doe 2. Plaintiff is aware of no available information that would identify the infringing user, other than by way of further investigation into information maintained by Korcett, Time Warner d/b/a Road

Runner, Internet Service Provider Corp., Grande Communications, Yahoo!, Justin.tv, and the Univesity of Texas. Due to the nature of on-line transactions, Plaintiff has no way of determining Defendants' identities except through these means.

36) Third, Plaintiff has asserted a prima facie claim for copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that a) it owns and has registered the copyrights in the works at issue and b) the Defendant made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. These allegations state a claim for copyright infringement. 17 U.S.C. § 106(1)(3).

37) When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from ISP to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the personally identifying information for the individuals who infringed upon its copyrighted works.

Explanation of Specific Requests

38) In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible. See *Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980).

39) The infringement and other wrongful acts at issue in this action occurred through the posting of Plaintiff's copyrighted works to Tnaflix.com. In order to further these illegal acts, a user must create an account on Tnaflix.com. When this user creates an account, the user accesses the Tnaflix.com website by specific I.P. addresses both in the establishment of the account and in later logins, which Tnaflix will find in its log files, other database(s), or records.

40) Individuals gain access to the Internet through an Internet service provider (ISP). When an ISP provides Internet access to a subscriber, it does so through a modem located at the subscriber's home or office. Each time the subscriber accesses the Internet, the ISP provides a

unique number to the subscriber called an Internet protocol (IP) address. This is somewhat akin to a telephone number. The IP address for a subscriber may stay the same (a static IP address) or it may change from time to time (a dynamic IP address). ISPs generally record the times and dates it assigns each IP address to a subscriber.

41) Online technology used to engage in unlawful online copyright theft relies on the ability to identify the computers to and from which users search and exchange files. The technology identifies those computers through the IP address from which the computer connects to the Internet. In this manner, defendant Tnaflix has records of the IP addresses from which individuals connected to the Tnaflix.com website for the purpose of unlawfully uploading Plaintiff's works and making electronic copies thereof. Tnaflix has supplied these IP addresses to Plaintiff.

42) Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific IP address. Plaintiff will subpoena the relevant Internet Service Provider, Korcett to determine the name and address of the subscribers to whom they assigned the various IP addresses which were be provided by Tnaflix.

43) Additionally, Tnaflix provided a Gmail email account. Gmail similarly tracks the IP addresses used to access this account and has provided these to the Plaintiff, along with an alternate Yahoo! email address. Plaintiff will subpoena the relevant Internet Service Providers, Time Warner d/b/a Road Runner, Internet Service Provider Corp., and Grande Communications to determine the name and address of the subscribers to whom they assigned the various IP addresses which were be provided by Google, and request IP addresses used to access the Yahoo! account.

44) Based on the Yahoo! email address, the Plaintiff also located a Justin.tv account believed to be maintained by Doe 2. Justin.tv should similarly maintain IP addresses used to access the account, which the Plaintiff intends to subpoena.

45) The Justin.tv account states that the individual is a student at the University of Texas. The Plaintiff also intends to issue discovery to UT for any relevant data.

46) Plaintiff requests that the Court issue an order allowing Plaintiff to serve a subpoena on these entities, Korcett, Time Warner d/b/a Road Runner, Internet Service Provider Corp., Grande

Communications, Yahoo!, Justin.tv, and the University of Texas, requesting the described information necessary to identify Doe 2 and which will require these entities to comply.

47) Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some Internet service providers are also cable operators, Plaintiff requests that the Court order state clearly that the Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements. See, 47 U.S.C. §551.

## CONCLUSION

48) The Plaintiff requests that the Court issue the requisite Order allowing early discovery and instructing any Korcett, Time Warner d/b/a Road Runner, Internet Service Provider Corp., Grande Communications, Yahoo!, Justin.tv, and the University of Texas to immediately preserve the relevant evidence and to produce any and all documents and/or information sufficient to identify the Doe 2.

49) Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works.

50) Such discovery should be conditioned on a) the recipients having 7 calendar days after service of the subpoenas to notify the subscriber that their identity is sought by Plaintiff, and b) each subscriber whose identity is sought having 21 calendar days from the date of such notice to file any papers contesting the subpoena.

Dated: May 11, 2011        Respectfully Submitted,

s/ Marc Randazza
Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 fax
mjr@randazza.com

## CERTIFICATE OF SERVICE

The undersigned does certify that I filed the foregoing document using the Court's CM/ECF system on May 11, 2010. Service is not possible on the currently unidentified defendants.

s/ Marc Randazza
Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 fax
mjr@randazza.com