UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>v.<br><br>YOUNGTEK SOLUTIONS, LTD, doing business as TNAFLIX.COM, FRANK, DOES 1, 2, and 3-500,<br><br>Defendants. | Civil No.   10cv1972-JAH (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION DISCOVERY**<br><br>**[ECF No. 30]** |

On September 21, 2010, Plaintiff filed a complaint against Youngtek Solutions, LTD, d/b/a Tnaflix.com, "Frank," and the Doe Defendants for copyright infringement. Plaintiff does not know the identity of Defendant Doe 2, but has identified Doe 2 by his screen name "tyvm" on the TnaFlix.com website. On December 27, 2010, the Court granted Plaintiff's Ex Parte Motion for Leave to Serve Immediate Discovery on Defendant Youngtek Solutions, LLC, d/b/a Tnaflix.com, to identify the true identities of the Doe Defendants. (ECF No. 15.) Based on its investigations to date, Plaintiff filed the instant Motion for Discovery on May 11, 2011. (ECF No. 30.) Plaintiff requests a court order directing Korcett, Time Warner d/b/a Road Runner, Internet Service Provider Corp., Verizon Internet Services, Grande Communications, Justin.tv.com, Yahoo! and the University of Texas to disclose personal identifying information for Doe 2. Plaintiff submits this motion on an emergency basis.

//

A. <u>Factual Background</u>

On January 26, 2011, Tnaflix.com provided the I.P. address 24.227.222.28 for Doe 2 (Tnaflix username "tyvm"), as well as a list of dates and times the I.P. address was used to upload videos to Tnaflix.com. Plaintiff determined the I.P. address was issued to a subscriber of Time Warner d/b/a Road Runner. (ECF No. 30-1 at 2.) Therefore, on March 4, 2011, Plaintiff issued a subpoena to Time Warner requesting information to identify Doe 2. (<u>Id.</u>) On April 26, 2011, Time Warner delivered its subpoena response, informing Plaintiff that the I.P. address had been assigned to Korcett, a commercial subscriber. (<u>Id.</u> at 4; ECF No. 30-11.) Plaintiff claims it has contacted Korcett requesting the preservation of information on the identity of Doe 2; however, like may service providers, Korcett purges information on a regular basis. (<u>Id.</u> at 4.) Accordingly, Plaintiff seeks a court order instructing Korcett to produce identifying information associated with the I.P. address 24.227.222.28 for the following dates and times (GMT): (1) 2010-10-13 at 14:59:36; (2) 2010-11-08 at 11:11:54; and (3) 2010-11-09 at 4:16:00.

The initial discovery response from Tnaflix also included an email address used by Doe 2, tyler8901@gmail.com. (ECF No. 30-4.) Thus, on January 27, 2011, Plaintiff issued a subpoena to Google requesting information concerning this email address. (ECF No. 30-13.) Google provided a list of I.P. addresses used to log in to this account, along with an alternate email address for the account's user: salouhazz@yahoo.com. (ECF No. 30-14.) Plaintiff has determined these I.P. addresses belong to Time Warner d/b/a Road Runner, Verizon Wireless, Internet Service Provider Corp., and Grande Communications. (ECF No. 30-15.) Plaintiff now wishes to conduct discovery to identify the subscriber from these Internet Service Providers. Plaintiff also requests a court order authorizing discovery to Yahoo! to learn the identity, contact information and I.P. addresses used to create and/or access the salouhazz@yahoo.com account.

Based on the information currently available, Plaintiff believes Doe 2 is a resident of Austin, Texas, whose name may include "Tyler" and "Salouhazz." (ECF No. 30-1 at 5.) Plaintiff claims an internet search led it to a profile on Justin.tv, www.justin.tv/salouhazz, for "Sean," an individual who attends the University of Texas at Austin. (<u>Id.</u>; ECF No. 30-16.) Plaintiff believes this individual is Doe 2. Thus, Plaintiff requests a court order authorizing it to issue discovery to

Justin.tv for the account information on this profile, including contact information and I.P. addresses used to create and access the account.  Plaintiff further requests the Court instruct the University of Texas at Austin to review its student body for any individuals matching the picture in Exhibit 13 of its Motion for Discovery, and students whose name may include Sean, Tyler and/or Salouhazz.

B.      Discussion

In accordance with Federal Rule of Civil Procedure 26(d), discovery does not commence until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f), unless by court order or agreement of the parties.  A court order permitting early discovery may be appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002).

After reviewing Plaintiff's Motion and the accompanying Memorandum of Points and Authorities, the Court finds good cause to grant Plaintiff's Motion, based on: (1) the allegations of copyright infringement contained in Plaintiff's complaint; (2) the danger that the third-parties discussed above will not long preserve the information Plaintiff seeks; (3) the narrow tailoring of the discovery request so as not to exceed the minimum information required to advance this lawsuit without prejudicing Doe 2; and (4) the Court's finding that the expedited discovery requested will substantially contribute to moving this case forward.  Furthermore, without such discovery, Plaintiff cannot identify Doe 2, and thus cannot pursue its lawsuit to protect its copyrighted works from infringement.

However, the Court finds Plaintiff's request that the University of Texas at Austin review its student body for any individuals matching the picture in Exhibit 13 of its Motion for Discovery, and students whose name may include Sean, Tyler and/or Salouhazz, is burdensome and oppressive.

Accordingly, IT IS HEREBY ORDERED:

1.      Plaintiff may serve immediate discovery on Korcett to obtain identifying information associated with the I.P. address 24.227.222.28 for the following dates and times (GMT):  (1) 2010-10-13 at 14:59:36; (2) 2010-11-08 at 11:11:54; and (3) 2010-11-09 at 4:16:00.

2.      Plaintiff may serve immediate discovery on Time Warner d/b/a Road Runner,

Verizon Wireless, Internet Service Provider Corp., and Grande Communications to obtain identifying information associated with the I.P. addresses listed in Exhibit 11 of Plaintiff's Motion for Discovery. (ECF No. 30-14.)

3. Plaintiff may serve immediate discovery on Yahoo! to obtain identifying information associated with the email address solouhazz@yahoo.com.

4. Plaintiff may serve immediate discovery on Justin.tv to obtain identifying information associated with the profile www.justin.tv/salouhazz.

5. If Korcett, Time Warner d/b/a Road Runner, Internet Service Provider Corp., Verizon Internet Services, Grande Communications, Justin.tv.com, and/or Yahoo! wish to move to oppose these requests for production, they shall do so before the return date of the request. If such a motion is brought, the moving party shall nonetheless preserve the information sought in the request for production pending resolution of such motion.

6. Any information disclosed to Plaintiff in response to these requests for production may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act.

7. Plaintiff shall provide a copy of this Order to Korcett, Time Warner d/b/a Road Runner, Internet Service Provider Corp., Verizon Internet Services, Grande Communications, Justin.tv.com, and Yahoo! when its requests for production are served.

8. Based on its burdensome and oppressive nature, Plaintiff may **not** serve immediate discovery on the University of Texas to obtain identifying information for individuals matching the picture in Exhibit 13 of Plaintiff's Motion for Discovery, and students whose names may include Sean, Tyler and/or Salouhazz. (ECF No. 30-16.)

**IT IS SO ORDERED.**

DATED: May 13, 2011

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable John A. Houston
All parties